FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  APR 25 2007  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WINTER VATEL, on his own behalf
and on behalf of all others similarly situated,

                             Plaintiff,

    -against-

GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.

                            Defendant.
-----------------------------------------------------------------X

CV-07 1694

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

**DEARIE, J.**

**GO, M.**

      Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et. seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors within the meaning of 15 U.S.C. § 1692a(6) from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

      2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

      3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      Plaintiff Winter Vatel (hereinafter "Vatel") is a resident of the State of New York, Kings County.  On or about April 9, 2007, plaintiff received and came into contact with a form debt collection notice and Three Day Demand from defendant at plaintiff's home address. **Exhibit A**.

5.      Defendant Gutman, Mintz, Baker & Sonnenfeldt, P.C. is a Professional Corporation located in New Hyde Park, New York.  Defendant attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6.      Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as indicated in paragraphs numbered 16-18, and their successors in interest (the "Class").  Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Gutman, Mintz, Baker & Sonnenfeldt, P.C.

7.      This action is properly maintained as a class action.  This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8.      The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(10) and 1692g(b).

   b. Whether plaintiff and the Class have been injured by the defendant's conduct;

   c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class

treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. Starting on or about April 9, 2007, defendant mailed a collection letter and Three Day Demand addressed to Winter Vatel. Upon receipt of defendant's letter, plaintiff opened and read it. The letter demanded payment of a debt allegedly owed by plaintiff originally to Zot, LLC. A copy of said letter and demand are annexed hereto as **Exhibit A**.

## FIRST CAUSE OF ACTION

16. Each of the above allegations is incorporated herein.

17. The letter and accompanying Three Day Demand violated numerous provisions of the FDCPA by overshadowing the consumer's right to dispute the debt for a full thirty days after receipt of the collection letter by including a Three Day Demand Notice, in violation of 15 U.S.C. § 1692g and 1692g(b).

18. The collection letter further violated the FDCPA, by stating: "THIS ADVICE PERTAINS TO YOUR DEALINGS WITH THE UNDERSIGNED. IT DOES NOT AFFECT YOUR DEALINGS WITH THE COURT, AND IN PARTICULAR DOES NOT CHANGE THE TIME AT

**Exhibit A**

GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.
P.O. BOX #397
NEW HYDE PARK, NY 11040

TO: WINTER VATEL

April 9, 2007

350 EMPIRE BLVD.
BROOKLYN, NEW YORK      APT# 2F
                        11225

DEAR SIR/MADAM:

WE ARE THE ATTORNEYS FOR ZOT, LLC. OUR CLIENT HAS CONSULTED WITH US WITH REFERENCE TO YOUR INDEBTEDNESS IN THE AMOUNT OF $1,536.33, AND HAS REQUESTED THAT WE COLLECT THE DEBT.

UNLESS YOU NOTIFY US WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER THAT THE VALIDITY OF THE DEBT OR ANY PORTION OF IT IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU NOTIFY US IN WRITING OF THE DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT, OR A COPY OF A JUDGMENT AGAINST YOU FOR THIS DEBT, IF ANY, AND MAIL IT TO YOU. FURTHER, UPON YOUR WRITTEN REQUEST WITHIN THIRTY (30) DAYS OF RECEIPT OF THIS LETTER, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF IT IS DIFFERENT FROM THE CURRENT CREDITOR.

THIS ADVICE PERTAINS TO YOUR DEALINGS WITH THE UNDERSIGNED. IT DOES NOT AFFECT YOUR DEALINGS WITH THE COURT, AND IN PARTICULAR DOES NOT CHANGE THE TIME AT WHICH YOU MUST ANSWER THE ENCLOSED NOTICE. THE NOTICE IS SENT IN ACCORDANCE WITH N.Y. STATE LAW AND YOU MUST FOLLOW ITS INSTRUCTION EVEN IF YOU DISPUTE THE VALIDITY OR AMOUNT OF THE DEBT. THE ADVICE IN THIS LETTER ALSO DOES NOT AFFECT THE UNDERSIGNED'S RELATIONS WITH THE COURT AND AS A LAW FIRM THE UNDERSIGNED MAY FILE PAPERS IN THE SUIT ACCORDING TO THE COURT RULES.

BELOW PLEASE FIND YOUR NAME, ADDRESS AND REFERENCE NUMBER LISTED. PLEASE USE THIS FORM IF YOU REQUIRE VERIFICATION OF THE DEBT. IF YOU CHOOSE NOT TO USE THIS FORM IN REQUESTING VERIFICATION, PLEASE BE CERTAIN TO INCLUDE YOUR NAME, ADDRESS AND REFERENCE NUMBER IN A CLEARLY WRITTEN REQUEST. PLEASE MAIL YOUR VERIFICATION REQUEST TO: GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C., P.O. BOX #397, NEW HYDE PARK, NY 11040

PLEASE MAKE ALL PAYMENTS DIRECTLY TO YOUR LANDLORD AND NOT THE UNDERSIGNED.

YOURS, ETC.
GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

------------------------------------------------------------

REQUEST FOR VERIFICATION
I HEREBY REQUEST VERIFICATION OF THE DEBT.

NAME OF TENANT: _____

SIGNATURE: _____

REFERENCE #:   2875-636751-18562